UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTINE TERWILLIGER,
on behalf of herself and
all others similarly situated,

        Plaintiff,

    vs.                         Case No. 22-CV-922

REGAL WARE, INC.

        Defendant.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Regal Ware, Inc. ("Regal Ware" or "Defendant"), by its attorneys, Jackson Lewis P.C., answers Plaintiff's Complaint as follows. Allegations in the Complaint that are not specifically admitted are denied.

## PRELIMINARY STATEMENT

1.      This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 *et seq.,* Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.001 et seq. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Christine Terwilliger, on behalf of herself and all other similarly situated current and former hourly-paid, non-exempt employees of Defendant, Regal Ware, Inc., for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

1

**Answer:** Paragraph 1 sets forth a description of Plaintiff's Complaint, rather than factual averments to which a response is required. To the extent a response is required, Defendant denies that this is a "collective and class action." No collective or class has been certified, and neither class nor collective treatment is appropriate. Defendant admits that Plaintiff bases her individual claims on the Fair Labor Standards Act and Wisconsin Wage Payment and Collection Laws. Defendant, however, denies any liability for any reason whatsoever. Defendant denies any remaining allegations in Paragraph 1.

2.     Defendant operated an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by shaving time (via electronic timeclock rounding) from Plaintiff's and all other hourly-paid, non-exempt employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendant, in violation of the FLSA and WWPCL.

**Answer:** The allegations of Paragraph 2 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 2 and puts Plaintiff to her burden of proof.

3.     Defendant's failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

2

**Answer:** The allegations of Paragraph 3 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 3 and puts Plaintiff to her burden of proof.

## JURISDICTION AND VENUE

4.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

**Answer**: Admit.

5.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 *et seq.,* Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.,* and Wis. Admin. Code § DWD 272.001 *et seq.,* because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**Answer**: Paragraph 5 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and states that the Court should decline to exercise its discretionary jurisdiction over Plaintiff's state law claims.

6.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

**Answer**: Paragraph 6 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that venue of this wage claim is proper since it employed Plaintiff within the District and conducts business there. Defendant denies any remaining allegations of Paragraph 6.

3

## PARTIES

7.      Plaintiff, Christine Terwilliger, is an adult female resident of the State of Wisconsin residing at 3415 High Road, Lot 15, Hartford, Wisconsin 53027.

**Answer**:  Admit.

8.      Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) was contemporaneously filed with the Complaint (ECF No. 1).

**Answer**:  Defendant admits that a document entitled "Consent to Join Form" was filed with the Complaint in this action ECF 1-3.  Defendant lacks knowledge sufficient to form a belief as to whether this document was signed by Plaintiff and denies it on those grounds.

9.      Defendant, Regal Ware, Inc., is an entity incorporated in the State of Wisconsin with a principal office address of 1675 Reigle Drive, Kewaskum, Wisconsin 53040.

**Answer**:  Defendant admits that it has a principal office address of 1675 Reigle Drive, Kewaskum, Wisconsin 53040.  Defendant denies, however, that it is an "entity incorporated in the State of Wisconsin" and denies any remaining allegations in Paragraph 9.

10.     Defendant is a cookware manufacturer.

**Answer**:  Defendant admits only that Paragraph 10 sets out a broad and incomplete description of its business.

11.     For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

**Answer**:  The allegations of this paragraph state a legal conclusion to which no response is required.

4

12.     For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

**Answer**:  The allegations of this paragraph state a legal conclusion to which no response is required.

13.     During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

**Answer**:  The allegations of this paragraph state a legal conclusion to which no response is required.

14.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt employee in the position of Operator at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge alongside all other hourly-paid, non-exempt employees at Defendant's Kewaskum, Wisconsin location.

**Answer**:  Deny.

15.     Plaintiff brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt employees in similarly-titled positions who work at, worked at, and/or were employed by Defendant at locations owned, operated, and managed by Defendant, and

5

Plaintiff and all other current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful compensation policies and practices as enumerated herein.

**Answer**:  Defendant admits that Plaintiff brings this action on her own behalf.  Defendant denies that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action.  Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

16.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant employed more than two (2) employees.

**Answer**:  Admit.

17.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's annual dollar volume of sales or business exceeded $500,000.

**Answer**:  Admit.

18.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff and all other hourly-paid, non-exempt employees.

**Answer**:  Defendant admits that it hired Plaintiff within the three-year period immediately preceding the filing of the Complaint.  Defendant denies that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action.  Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

19.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other hourly-paid, non-exempt employees' day-to-day activities.

6

**Answer**:  Defendant admits that it generally supervised its employees' work during the three-year period immediately preceding the filing of the Complaint, including, for part of that period, Plaintiff's.  Defendant denies, however, that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action.  Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof

20.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

**Answer**:  Defendant admits that it reviewed the work performance of its employees, including Plaintiff, at various points within the three-year period immediately preceding the filing of the Complaint.  Defendant denies, however, that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action.  Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof

21.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established Plaintiff's and all other hourly-paid, non-exempt employees' work schedules and provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

**Answer**:  Defendant admits that it scheduled the hours and assignments of its employees, including Plaintiff, within the three-year period immediately preceding the filing of the Complaint.  Defendant denies, however, that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action.

Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

22.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees similarly utilized Defendant's employment policies, practices, and/or procedures in the performance of their job duties.

**Answer**:  Defendant admits that it had employment policies, procedures, and practices in effect during the three-year period immediately preceding the filing of the Complaint that it expected its employees, including Plaintiff, to follow in performing their duties.  Defendant denies, however, that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action.  Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

23.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt employees' employment-related questions, benefits-related questions, and workplace issues.

**Answer**:  Defendant admits that it addressed its employees' employment-related questions, benefits-related questions, and workplace issues during the three-year period immediately preceding the filing of the Complaint.  Defendant denies, however, that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action.  Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

24.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established the terms and conditions of Plaintiff's and all other hourly-paid, non-exempt employees' employment.

**Answer**:  Deny.

25.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees for hours worked and/or work performed, including with additional forms of compensation, such as monetary bonuses, incentives, and/or other rewards and payments.

**Answer**:  Defendant admits that it compensated its employees, including Plaintiff, for hours worked and/or work performed within the three-year period immediately preceding the filing of the Complaint, and also admits that some employees earned hazard bonuses during that time. Defendant denies, however, that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action.  Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

## GENERAL ALLEGATIONS

26.     In approximately August 2021, Defendant hired Plaintiff as an hourly-paid, non-exempt employee in the position of Operator working at its Kewaskum, Wisconsin location.

**Answer**:  Deny.

27.     During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

**Answer**:  Admit.

28.     During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

9

**Answer**: Paragraph 28 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it categorized Plaintiff as a non-exempt employee throughout her employment.

29.     On a daily basis during Plaintiff's employment with Defendant, Plaintiff worked alongside other hourly-paid, non-exempt employees at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge at Defendant's Kewaskum, Wisconsin location.

**Answer**: Deny.

30.     In approximately July 2022, Plaintiff's employment with Defendant ended.

**Answer**: Admit.

31.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendant in hourly-paid, non-exempt job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at locations that were owned, operated, and managed by Defendant.

**Answer**: This paragraph states a number of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

32.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees regularly worked in excess of forty (40) hours per workweek.

**Answer**: Deny.

10

33.     During the three (3) years immediately preceding the filing of this Complaint
(ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

**Answer**: Deny.

34.     During the three (3) year period immediately preceding the filing of this
Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees on a bi-weekly basis via check.

**Answer**: Deny.

35.     During the three (3) year period immediately preceding the filing of this
Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

**Answer**: Admit.

36.     During the three (3) years immediately preceding the filing of this Complaint
(ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of shaving time (via electronic timeclock rounding) from Plaintiff's and all other hourly-paid, non-exempt employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendant.

**Answer**: Deny.

37.     During the three (3) year period immediately preceding the filing of this
Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendant's same pay and timekeeping policies and practices.

**Answer**: Deny.

38.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

**Answer**:  Defendant admits that it tracked the hours worked by its employees during the three (3) years immediately preceding the filing of this Complaint.  Defendant denies that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action.  Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

39.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained an electronic time-clock system (hereinafter simply "Defendant's electronic timekeeping system") that Plaintiff and all other hourly-paid, non-exempt employees used on a daily basis for timekeeping and/or recordkeeping purposes.

**Answer**:  Defendant admits that it maintained an electronic time-clock system during the three (3) years immediately preceding the filing of this Complaint.  Defendant denies that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action.  Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

40.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system on a daily basis for timekeeping and/or recordkeeping purposes.

**Answer**:  Deny.

12

41.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

**Answer**:  Defendant admits that it maintained employment records on its employees during the three (3) years immediately preceding the filing of this Complaint.  Defendant denies that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action. Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

42.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

**Answer**:  Defendant admits that it maintained a centralized system for tracking and/or recording hours worked by employees during the three (3) years immediately preceding the filing of this Complaint.  Defendant denies that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action. Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

43.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned each workday and each workweek.

**Answer**:  Defendant admits that it maintained a centralized system for compensating employees during the three (3) years immediately preceding the filing of this Complaint.

13

Defendant denies that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action. Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof

44. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system to "clock in" and to "clock out" of work each day at the beginning and end of their shifts, respectively.

**Answer**:  Deny.

45. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees performed compensable work immediately after "clocking in" via Defendant's electronic timekeeping system at the beginning of their shifts each workday. For example, during Plaintiff's employment with Defendant, Plaintiff's normal and customary routine at the beginning of her shift each workday was to arrive to work at Defendant, enter Defendant's building, "clock in" via Defendant's electronic timekeeping system, determine where her work assignment is for the day on Defendant's manufacturing line, and physically walk to Defendant's manufacturing line to begin working.

**Answer**:  Deny.

46. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's compensation practice applicable to Plaintiff and all other hourly-paid, non-exempt employees at the beginning of their shifts each workday was to round said employees' actual hours worked and/or work performed as recorded, reflected, and represented via its electronic timekeeping system forward to said employees' scheduled shift start times. For

14

example, during Plaintiff's employment with Defendant and on any given work day, if Plaintiff arrived to work at Defendant and "clocked in" via Defendant's electronic timekeeping system at 5:39 a.m. for her 6:00 a.m. scheduled shift start time and immediately engaged in the types of compensable work as described in the aforementioned paragraph, Defendant did not compensate Plaintiff for engaging in in the types of compensable work as described in the aforementioned paragraph and rounded Plaintiff's start time for compensation purposes to her scheduled shift start time of 6:00 a.m. Such a compensation practice in this regard was non-neutral and resulted in Defendant shaving time from Plaintiff's and all other hourly-paid, non-exempt employees' timesheets each workday and each workweek for pre-shift hours worked and/or work performed as recorded, reflected, and represented via Defendant's electronic timekeeping system.

**Answer**: Deny.

47. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees performed compensable work immediately prior to "clocking out" via Defendant's electronic timekeeping system at the end of their shifts each workday. For example, during Plaintiff's employment with Defendant, Plaintiff's normal and customary routine at the end of her shift each workday prior to "clocking out" via Defendant's electronic timekeeping system was to clean her work area, put tools and materials away, fill oil catchers, change cardboard and oil pads, and to check sandpaper belts.

**Answer**: Deny.

48. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's compensation practice applicable to Plaintiff and all other hourly-paid, non-exempt employees at the end of their shifts each workday was to round said employees'

actual hours worked and/or work performed as recorded, reflected, and represented via its electronic timekeeping system backwards to said employees' scheduled shift end times. For example, during Plaintiff's employment with Defendant and on any given workday, if Plaintiff "clocked out" via Defendant's electronic timekeeping system at 3:39 p.m. immediately after performing compensable work and after her scheduled shift end time of 3:30 p.m., Defendant rounded Plaintiff's end time for compensation purposes backwards to her scheduled shift end time of 3:30 p.m. Such a compensation practice in this regard was non-neutral and resulted in Defendant shaving time from Plaintiff's and all other hourly-paid, non-exempt employees' timesheets each workday and each workweek for post-shift hours worked and/or work performed as recorded, reflected, and represented via Defendant's electronic timekeeping system.

**Answer**:  Deny.

49.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for work performed each workday as described herein despite Defendant having an actual and accurate record of said employees' pre-shift and post-shift hours worked and/or work performed via its electronic timekeeping system.

**Answer**:  Deny.

50.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

**Answer**:  Deny.

16

51.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew and/or was aware that its pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all pre-shift and post-shift compensable work performed as described herein despite having a record of all hours worked and work performed each workday and each workweek via its electronic timekeeping system.

**Answer**:  Deny.

52.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each workday and each workweek, including but not limited to at an overtime rate of pay.

**Answer**:  Deny.

53.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensate Plaintiff and all other hourly-paid, non-exempt employees when compensable work commenced and ceased each workday.

**Answer**:  Deny.

54.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and during workweeks when no overtime was due, if any, Defendant suffered or permitted Plaintiff and all other hourly-paid, non-exempt employees to work without being paid appropriate and lawful compensation for all hours worked and/or work performed each workday and each workweek.

**Answer**:  Deny.

17

55.     Defendant was or should have been aware that its compensation policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees in the same or similar fashion for all hours worked and/or work performed each workday and each workweek, including but not limited to at an overtime rate of pay.

**Answer**: Deny.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

56.     Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay.

**Answer**: This paragraph sets forth a description of Plaintiff's claim and putative collective action to which no response is required. To the extent a response is required, Defendant states that collective treatment is not appropriate in this action and a collective action should not be certified, conditionally or otherwise. Defendant denies the existence of similarly situated individuals. Defendant further objects to Plaintiff's proposed definition of the collective as improperly "fail safe" or "merits based." Defendant denies any remaining allegations in Paragraph 56.

57.     Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

18

**Answer**:  Defendant denies the existence of a FLSA Collective and denies that collective action treatment is appropriate.  An individual's entitlement to overtime is a legal conclusion to which no response is required.  Defendant denies any remaining allegations in Paragraph 57.

58.      Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

**Answer**:  This paragraph states a legal conclusion to which no response is required. Defendant denies the existence of a FLSA Collective and denies that collective action treatment is appropriate.  An individual's entitlement to overtime is a legal conclusion to which no response is required.  Defendant denies any remaining allegations in Paragraph 58.

59.      During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant, as a matter of policy and practice, shaved time from the FLSA Collective's timesheets for all pre-shift and post-shift hours worked and/or work performed each workday while "clocked in" via its electronic timekeeping system. These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

**Answer**:  Defendant denies the existence of a FLSA Collective and denies that collective action treatment is appropriate. Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

60.      The First Claim for Relief is brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

19

**Answer**:  This paragraph sets forth a description of Plaintiff's claim and putative collective action to which no response is required.  Defendant denies the existence of a FLSA Collective and denies that collective action treatment is appropriate.  Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

61.     The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

**Answer**:  This paragraph states a legal conclusion to which no response is required. Defendant denies the existence of a FLSA Collective and denies that collective action treatment is appropriate.  Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

62.     Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

**Answer**:  Defendant denies the existence of a FLSA Collective, denies that Plaintiff was similarly situated with other employees, and denies that collective action treatment is appropriate.  Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

63.     Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully

20

compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

**Answer**:  This paragraph states a description of the remedies that Plaintiff seeks, to which no response is required. Defendant denies any liability for any reason whatsoever. Defendant denies the existence of a FLSA Collective and denies that collective action treatment is appropriate. Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

64.     Defendant was or should have been aware that its unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

**Answer**:  Defendant denies the existence of a FLSA Collective and denies that collective action treatment is appropriate. Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

65.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's facilities in areas where postings are normally made.

**Answer**:  Defendant denies the existence of a FLSA Collective and denies that collective action treatment is appropriate. Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

66.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

**Answer**:  Defendant denies the existence of a FLSA Collective and denies that collective action treatment is appropriate. Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

67.    Plaintiff brings this action on behalf of herself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendant within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) through the date of judgment who have not been compensated for all hours worked each workweek – either at a regular rate of pay or at an overtime rate of pay for hours worked in excess of forty (40) hours in a workweek – as a result of Defendant's timeshaving practices.

**Answer**:  Paragraph 67 sets forth a description of Plaintiff's claim and putative class action to which no response is required.  To the extent a response is required, Defendant states that class treatment is not appropriate in this action and a class action should not be certified. Defendant denies the existence of similarly situated employees.  Defendant denies that the requirements of Fed. R. Civ. P. 23 are satisfied.  Defendant further objects to Plaintiff's proposed definition of the class as improperly "fail safe" or "merits based."  Defendant denies any remaining allegations in Paragraph 67.

68.    The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendant's records. For purposes of notice and other purposes

related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

**Answer**: Defendant denies that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action. Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

69. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over one hundred (100) members of the Wisconsin Class.

**Answer**: Deny. Defendant states that joinder would be practical under the circumstances and, for this and other reasons, class treatment under Rule 23 is not appropriate.

70. Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Class were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

**Answer**: This paragraph states a description of the remedies that Plaintiff seeks, to which no response is required. Defendant denies any liability for any reason whatsoever. Defendant denies that Plaintiff was similarly situated with any other individuals, denies the

existence of a Wisconsin Class, and denies that class or collective action treatment is appropriate in this action. Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

71.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

**Answer**:  Defendant admits only that Plaintiff is represented by competent counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases. Defendant denies any remaining allegations in Paragraph 71.

72.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

**Answer**:  Defendant denies that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action.  Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

73.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**Answer**:  Defendant denies that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action.  Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

74.     Defendant has violated the WWPCL regarding payment of regular wages and overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**Answer**: Deny.

75.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendant's benefit without being properly compensated; (3) Whether Defendant failed to pay Plaintiff and the Wisconsin Class for all work Defendant suffered or permitted them to perform each work day and each workweek; and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

**Answer**: Defendant denies that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action. Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

76.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**Answer**: Deny.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages**
**(Plaintiff on behalf of herself and the FLSA Collective)**

77.     Plaintiff, on behalf of herself and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

**Answer**:  Defendant incorporates, as if fully set forth herein, its objections, denials, and other responses to each of the foregoing paragraphs.

78.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

**Answer**:  The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the existence of a FLSA Collective and denies that collective action treatment is appropriate.  Defendant admits that Plaintiff has rights under the FLSA, but denies any liability on any grounds whatsoever. Defendant denies any remaining allegations in Paragraph 78.

79.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

**Answer**:  Defendant admits that it employed Plaintiff during part of the three-year period immediately preceding the filing of the Complaint. Defendant denies the existence of a FLSA Collective and denies that collective action treatment is appropriate. Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

80.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

**Answer**:  Defendant admits that it employed Plaintiff during part of the three-year period immediately preceding the filing of the Complaint. Defendant denies the existence of a FLSA Collective and denies that collective action treatment is appropriate. Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

81.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

27

**Answer**:  Defendant denies the existence of a FLSA Collective and denies that collective action treatment is appropriate. Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

82.     Defendant violated the FLSA by suffering or permitting Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendant's unlawful compensation practice shaved time from the FLSA Collective's timesheets for all pre-shift and post-shift hours worked and/or work performed while "clocked in" via Defendant's electronic timekeeping system. By failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiff and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

**Answer**:  Deny.

83.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

**Answer**:  This paragraph states a legal conclusion to which no response is required. Defendant further denies the existence of a FLSA Collective and denies that collective action treatment is appropriate.  Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

28

84.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

**Answer**:  Defendant admits that it is subject to the FLSA.  Defendant denies any remaining allegations in Paragraph 84.

85.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

**Answer**:  Deny.

86.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**Answer**:  Deny

87.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

29

**Answer**: This paragraph states a legal conclusion to which no response is required. Defendant denies any liability for any reason whatsoever. Defendant denies the existence of a FLSA Collective and denies that collective action treatment is appropriate. Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

**SECOND CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Overtime Wages**
**(Plaintiff, on behalf of herself and the Wisconsin Class)**

88.     Plaintiff, on behalf of herself and the Wisconsin Class, reassert and incorporate all previous paragraphs as if they were set forth herein.

**Answer**: Defendant incorporates, as if fully set forth herein, its objections, denials, and other responses to each of the foregoing paragraphs.

89.     At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

**Answer**: The allegations of this paragraph state a legal conclusion to which no response is required.  Defendant denies that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class action treatment is appropriate. Defendant denies any remaining allegations in Paragraph 89.

90.     At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

**Answer**: The allegations of this paragraph state a legal conclusion to which no response is required.  Defendant denies that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class action treatment is appropriate. Defendant denies any remaining allegations in Paragraph 90.

30

91. At all relevant times, Defendant employed, and continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.,* 103.01 *et seq.*, 104.01 *et seq.,* and Wis. Admin. Code § DWD 272.01.

**Answer**: Defendant denies that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class or collective action treatment is appropriate in this action. Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

92. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

**Answer**: Deny.

93. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

**Answer**: Deny.

94. Throughout the Wisconsin Class Period, Defendant maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiff's and the Wisconsin Class' timesheets for all pre-shift and post-shift hours worked and/or work performed while "clocked in" via Defendant's electronic timekeeping system each work day and each workweek, resulting in Defendant impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work performed each work day and each workweek at an overtime rate of pay, in violation of the WWPCL.

**Answer**: Deny.

31

95.     Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

**Answer**:  Deny.

96.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**Answer**:  Deny.

97.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**Answer**:  Paragraph 97 states a description of the remedies that Plaintiff seeks, to which no response is required. Defendant denies any liability for any reason whatsoever. Defendant denies that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class or collective action treatment is appropriate in this action. Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

## THIRD CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Regular Wages / Failure to Pay an Agreed-Upon Wage
### (Plaintiff, on behalf of herself and the Wisconsin Class)

98.     Plaintiff, on behalf of herself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

**Answer**:  Defendant incorporates, as if fully set forth herein, its objections, denials, and other responses to each of the foregoing paragraphs.

99.     At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

**Answer**:  The allegations of this paragraph state a legal conclusion to which no response is required.  Defendant denies that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class action treatment is appropriate. Defendant denies any remaining allegations in Paragraph 99.

100.     At all relevant times, Defendant as an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

**Answer**:  The allegations of this paragraph state a legal conclusion to which no response is required.  Defendant denies that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class action treatment is appropriate. Defendant denies any remaining allegations in Paragraph 100.

101.     At all relevant times, Defendant employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.,* 103.01 *et seq.*, 104.01 *et seq.,* and Wis. Admin. Code § DWD 272.01.

33

**Answer**:  The allegations of this paragraph state a legal conclusion to which no response is required.  Defendant denies that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class action treatment is appropriate.  Defendant denies any remaining allegations in Paragraph 101.

102.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

**Answer**:  Deny.

103.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

**Answer**:  Deny.

104.    Throughout the Wisconsin Class Period, the Wisconsin Class was entitled to payments from Defendant at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

**Answer**:  An individual's entitlement to compensation is a legal conclusion to which no response is required. Defendant denies that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class or collective action treatment is appropriate in this action.  Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

105.    Throughout the Wisconsin Class Period, Defendant did not compensate the Wisconsin Class for each and every hour worked, in accordance with Wis. Admin. Code § DWD 272.

34

**Answer**:  Deny.

106.    Throughout the Wisconsin Class Period, Defendant maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiff's and the Wisconsin Class' timesheets for all pre-shift and post-shift hours worked and/or work performed while "clocked in" via its electronic timekeeping system each work day and each workweek, resulting in Defendant impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work performed each work day and each workweek at their regular hourly rate of pay when hours worked each workweek did not exceed forty (40), in violation of the WWPCL.

**Answer**:  Deny.

107.    Defendant willfully failed to pay Plaintiff and the Wisconsin Class compensation for all hours worked that did not exceed forty (40) hours in a workweek, in violation of the WWPCL.

**Answer**:  Deny.

108.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**Answer**:  Deny.

35

109.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**Answer**:  This paragraph states a description of the remedies that Plaintiff seeks, to which no response is required. Defendant denies any liability for any reason whatsoever. Defendant denies that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class or collective action treatment is appropriate in this action.  Defendant denies any remaining allegations in this paragraph and puts Plaintiff to her burden of proof.

## AS TO "PRAYER FOR RELIEF"

Defendant denies that Plaintiff or any other current or former employee is entitled to any of the relief sought in the Complaint.

## GENERAL DENIAL

Defendant denies all allegations set forth in the Complaint not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant states the following additional defenses:

1.      Some or all the allegations in Plaintiff's Complaint fail to state a claim for which relief can be granted.

2.      Plaintiff's claims, and those claims of any other person on whose behalf Plaintiff seeks to assert a claim under the FLSA and/or WWPCL, are barred to the extent that Plaintiff or others seek damage beyond the applicable limitations periods.

3.      Plaintiff's claims for overtime pay are barred as a matter of law during any workweeks in which Plaintiff or any other persons on whose behalf Plaintiff seeks to assert a claim did not work in excess of 40 hours per week.

36

4.     Plaintiff's claims are barred to the extent that Plaintiff lacks standing to bring the proposed collective action or class action under the FLSA and WWPCL.

5.     Plaintiff has failed to join the union that represents current employees as a required party under Federal Rule of Civil Procedure 19, making it impossible to accord the declaratory and injunctive relief Plaintiff seeks on behalf of those employees.

6.     To the extent that Plaintiff or any putative class/collective has agreed to arbitrate any or all of the claims asserted in the Complaint, the Complaint violates such agreements to arbitrate and the Complaint should be dismissed and/or stayed and Plaintiff or the putative class/collective member should be compelled to arbitrate.

7.     Plaintiff's claims under the FLSA and WWPCL are barred by application of the doctrine of payment.  Plaintiff and all other persons on whose behalf Plaintiff seeks to assert a claim have been paid all wages due.

8.     Plaintiff's claims, and those claims of any other person on whose behalf Plaintiff seeks to assert a claim, are barred to the extent that Defendant's actions have been taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

9.     A two-year, rather than a three-year, statute of limitations applies to Plaintiff's FLSA claims as Plaintiff cannot satisfy her burden of establishing that Defendant willfully violated the FLSA.

10.     Defendant has at all times acted in good faith and had reasonable grounds for believing that any alleged acts or omissions were not a violation of the FLSA (within the meaning of 29 U.S.C. § 260) or any other law.  Accordingly, even if Defendant is found to have violated the FLSA, Plaintiff is not entitled to recover liquidated damages.

11.     The claims of Plaintiff and any other persons on whose behalf Plaintiff seeks to assert a claim for damages are barred in whole or in part by exclusions, exceptions, credits or offsets permissible under the FLSA and any applicable state law.

12.     Plaintiff's request for collective treatment should be denied in that Plaintiff and the members of the putative collective are not similarly situated and therefore, Plaintiff cannot meet the requirements for collective treatment pursuant to § 216(b) of the FLSA.

13.     This action may not be properly maintained as a class action because Plaintiff cannot establish the necessary procedural elements for class treatment, a class action is not an appropriate method for fair and efficient adjudication of the claims described in the Complaint, common issues of fact or law do not predominate, individual issues of fact or law predominate, Plaintiff's claims are not representative or typical of the claims of the putative class, Plaintiff is not an adequate representative for the alleged putative class, and there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class.

14.     Class action treatment under FRCP 23 is not appropriate because Plaintiff cannot establish that the putative class is so numerous that joinder of all members is impracticable.  To the contrary, joinder would be practicable under the circumstances.  All putative class members worked for a single employer at a single facility in a single geographic area.

15.     Plaintiff's attempt to pursue her claims as a collective or class action fail because an independent and individual analysis is required for the claims of Plaintiff, opt-in plaintiff, and putative class member, and each of Defendant's defenses.

38

16.     Because liability may not be determined by a single jury on a collective-wide or class-wide basis, allowing this action to proceed as a collective or class action would violate Defendant's rights to a jury trial under the Seventh Amendment.

17.     Plaintiff's attempt to pursue her claims on a collective action violates Defendant's constitutional rights to due process because Defendant has a due process right to raise every defense applicable to Plaintiff, opt-in plaintiffs, and putative class members at every stage of this action.

18.     Plaintiff's proposed class/collective definitions are vague, overbroad, fail safe and/or merits based.

19.     This case should not be allowed to proceed as a collective or class action because the resulting proceedings and trial would not be manageable.  This court should not entertain or permit a large number of "mini trials" on each putative class or collective member's individual work habits, circumstances, and hours.

20.     This Court lacks jurisdiction, both original and supplemental, over any member of the putative class who does not expressly "opt in" to the collective action in accordance with 29 U.S.C. § 216(b).

21.     Because Plaintiff's Complaint is phrased in conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action.  Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

**WHEREFORE**, Regal Ware, Inc. respectfully requests that the Court:

A.     Dismiss all Claims against Regal Ware, Inc. with prejudice, in their entirety;

B.     Dismiss the Complaint with prejudice, in its entirety;

C.     Order that judgment be entered in Regal Ware, Inc.'s favor; and

39

D.     Award Regal Ware, Inc. such other relief that justice so requires.


Dated this 17th day of October, 2022.

/s/ Tony H. McGrath
Tony H. McGrath, WI Bar # 1042806
Direct Tel:  (608) 807-5274
Tony.McGrath@JacksonLewis.com

Sharon Mollman Elliott, WI Bar # 1022463
Direct Tel:  (608) 807-5280
Sharon.Elliott@JacksonLewis.com

JACKSON LEWIS P.C.
22 East Mifflin Street, Suite 800
Madison, WI  53703
Fax:  (608) 260-0058

*Attorneys for Defendant Regal Ware, Inc.*

4873-9164-4729, v. 1