# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHRISTINE TERWILLIGER,**
*on behalf of herself and*
*all others similarly situated*,
        **Plaintiff,**

   v.                                            Case No. 22-CV-0922

**REGAL WARE, INC.,**
        **Defendant.**

## ORDER GRANTING FINAL SETTLEMENT APPROVAL

On May 31, 2024, the Court held a Fairness Hearing. Based on the parties' Joint Motion for Final Settlement Approval, Plaintiff's Unopposed Motion for Approval of Service Award, and Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Costs, as well as the documents filed in support thereof and the record as a whole, **IT IS ORDERED THAT** the parties' Joint Motion for Final Approval of Collective and Class Action Settlement (ECF No. 24) is **GRANTED**.

**IT IS FURTHER ORDERED THAT**:

1. The parties' Settlement Agreement, (ECF No. 19-1), is approved as fair, reasonable, and an adequate resolution of a bona fide dispute under the Fair Labor Standards Act of 1938, as amended ("FLSA"), and Wisconsin's Wage Payment and Collections Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL").

2. Plaintiff Christine Terwilliger ("Plaintiff") is approved as Class Representative for the WWPCL Class and the FLSA Collective Members.

3. Walcheske & Luzi, LLC is appointed as counsel for the WWPCL Class and the FLSA Collective Members.

4. The Settlement Agreement is binding on the parties.

5. The WWPCL Class and the FLSA Collective Members' released claims, as defined in the Settlement Agreement, are **DISMISSED with prejudice**.

6. The WWPCL claims of the Class Member who properly and timely requested exclusion from the parties' Settlement Agreement, whose request for exclusion appears at ECF No. 23-1, are hereby **DISMISSED without prejudice**.

7. The FLSA claims of all Settlement Class Members who did timely file Consent to Join forms as required by the previous orders of this Court are hereby **DISMISSED without prejudice**.

8. Defendant's counsel shall provide Plaintiff's counsel with settlement checks for the WWPCL Class and the FLSA Collective Members within thirty (30) calendar days of this order.

9. Plaintiff's counsel shall send the settlement checks to the WWPCL Class and the FLSA Collective Members via U.S. Mail following receipt of the settlement checks from Defendant's counsel.

10. The WWPCL Class and the FLSA Collective Members shall have ninety (90) calendar days from the date of mailing to cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendant.

11. Plaintiff's Unopposed Motion for Approval of Service Award (ECF No. 25) is **GRANTED**. Named Plaintiff's Service Award of $7,500.00 is approved as fair and reasonable.

12. Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Costs (ECF No. 26) is **GRANTED**. Attorneys' fees in the amount of $45,876.03 and case related costs in the amount of $4,502.05 are approved as fair and reasonable.

13. This matter is hereby dismissed on the merits, with prejudice, and without further costs to either party.

Dated at Milwaukee, Wisconsin, this 31st day of May, 2024.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge